EDWARD S. HATCH, Plaintiff, *against* GEORGE HAMLIN, Impleaded with Isador Landsberger *et al.*, Defendant.

(Decided January 21st, 1884.)

A non-resident corporation, being required to give security for costs in an action brought by it, procured an undertaking for that purpose to be given by one of the partners in a firm which then held moneys of the corporation, agreeing that the firm should retain as indemnity a specified sum out of the moneys in their hands. Judgment for costs against the company was recovered by the defendant in the action, from which an appeal was taken, but no stay of execution was obtained; and pending the appeal, upon the demand of the defendant's attorneys, the surety paid to them, out of the money retained by his firm, the amount of the costs, and received from them a release from further liability; and the remainder of the money retained by the firm as indemnity was then remitted to the company. The judgment was subsequently reversed on appeal, and the action was thereafter settled upon payment of a sum of

money by the defendant to the company; as to which settlement, the defendant testified that the costs paid to his attorneys were not included, and that he had no knowledge of such payment. *Held*, that such payment of costs was a good defense to an action by the company against the firm for the amount retained by them therefor, and was available as a defense to the surety as a member of the firm answering separately; that the payment was rightfully made, so as to require restitution thereof from the defendant upon the reversal of the judgment; and that the company and not the surety was entitled to demand such restitution.

Exceptions taken at a trial term of this court, ordered to be heard in the first instance at the General Term.

The action was brought by plaintiff as assignee of the Sonoma Valley Wine and Brandy Company, by assignment dated May 15th, 1880, to recover $157.45, balance of account of sales and consignments to the defendants as co-partners under the firm name of George Hamlin & Co., to October 18th, 1878. The answer of the defendant, George Hamlin, one of the firm of George Hamlin & Co., set up payment, and also a counter-claim arising as follows:

Prior to April, 1878, the said Sonoma Wine and Brandy Company (plaintiff's assignor), a non-resident corporation, commenced an action in the Superior Court of the City of New York against Theodore Lax, and, being required to file security for costs, asked said defendants, George Hamlin & Co., to furnish such security. Upon the agreement that they might retain in their hands as indemnity the sum of $250 belonging to said corporation, the said firm procured one of its members, George Hamlin, the defendant now answering, to execute the undertaking required by the court, which undertaking was duly filed in court. On October 15th, 1878, the firm rendered an account to said corporation, crediting it with a balance of $250 held by them as indemnity as aforesaid. On April 28th, 1879, Lax recovered judgment against the corporation in the said action in the Superior Court, of which judgment $146.47 was entered for costs. In December, 1879, on demand of Jerolomon & Arrowsmith, attorneys of Lax, defendant George Hamlin paid the said costs and interest,

amounting to $152.45, out of the moneys of the said cor-
poration so retained as indemnity. An appeal by the said
corporation from the said judgment was pending at the
time, but no stay of proceedings had been obtained. On
April 13th, 1880, defendants transmitted an account of such
payments to the said corporation, and remitted a balance
of $92.55, retaining $5 for attorneys' fees. The reply of
plaintiff denied that the payment by Hamlin was for the
benefit of the Sonoma Valley Wine and Brandy Company,
and denied certain averments in the answer.

On the trial it was shown that the undertaking was
executed by Hamlin upon the request of the Sonoma Valley
Wine and Brandy Company made to his firm, and that the
company agreed that the latter should retain the $250 as
indemnity; that the judgment was obtained by Lax, as set
forth, and there being no stay of proceedings, the amount
of costs was demanded of the attorney for the company,
and then of Hamlin, and that the latter paid the $152.45 to
the attorneys of Lax, and got a release from further lia-
bility; that the judgment was afterwards reversed; that
on April 13th, 1880, Hamlin sent to the company the ac-
count of his payment, with notice of it, and his draft for
$92.55 balance; and that on October 18th, 1881, the com-
pany settled its suit with Lax, without costs to either
party, on receiving $525 from him. It was testified by
Lax that the $152.45 paid by Hamlin to his attorneys was
not included in such settlement, and that he had no knowl-
edge of it.

At the trial, a verdict for plaintiff was directed, and the
exceptions of defendant, George Hamlin, to the direction
of the verdict, and to other rulings, were ordered to be
heard in the first instance at the General Term.

*Ernest G. Stedman*, for plaintiff.

*John A. Mapes*, for defendant.

Hatch v. Hamlin.

J. F. DALY, J.—[After stating the facts as above.]—The defendant, Hamlin, should have been allowed the sum he paid on the judgment against plaintiff's assignor. Such payment was available to him when sued as a member of the firm of George Hamlin & Co. with the other members of the firm, for the balance alleged to be due the Sonoma Valley Wine and Brandy Company. He executed the undertaking at the request of the company made to the firm, and upon the agreement between the company and the firm, that the latter was to retain moneys of the former sufficient to indemnify him from loss by reason of the undertaking. When he became liable on the undertaking by reason of judgment going against his principal, the company, in its suit against Lax, his firm was authorized, under its agreement with the company, to pay the amount of such liability directly to Lax, or to retain it for the indemnification of Hamlin if he paid it to Lax, and in either event to charge it immediately against the company. In an action by the company or its assignee against the firm for the moneys so paid or retained, each member of the firm answering separately might avail himself of this defense of the firm, as Hamlin has done in this action. Such a defense is not in any sense founded upon an individual claim of his own by reason of his personal and several obligation in the undertaking apart from the other members of the firm, but is a defense on behalf of the firm here sued, founded upon the agreement made between them and the company, by which they were authorized to retain this money now sued for.

The only questions in this case are: whether the payment made by Hamlin was rightfully made, so as to require restitution thereof from Lax upon the reversal of the judgment; and whether Hamlin or the Sonoma Company was the party to demand such restitution.

The payment appears to have been rightfully made, as Lax had obtained a judgment against his principal, and there was no stay of execution. The demand made by the attorneys was regular, and the fact that Lax did not know

of it is only a matter between him and his attorneys. The fact that Hamlin took a release from further liability on making such payment inured as much to the benefit of his principal as himself, for it released the balance of the moneys of the former in his firm's hands over such payment from further lien. Such payment having been made by the surety upon judgment against his principal, was made to the use of the principal, and is deemed at the instant of payment to be the money of the principal, who, upon the reversal of the judgment, would have the right to recover it back from the other party as his own money paid on the judgment. The surety, for that reason, would have no recourse against the party to whom he paid the money, but must look for indemnification to his principal. This is the settled law in this state (*Garr* v. *Martin*, 20 N. Y. 306). The reversal of the judgment on which the surety paid does not affect his right of recourse against his principal, as the above case holds; he is in the same position as if he had handed the money to his principal to enable the latter to make the payment, and the principal's liability to him is fixed from that moment. It follows, then, that when Hamlin paid the costs to the attorneys of Lax on the judgment against the Sonoma Company, it was as if so much money had been remitted to the company by him (Hamlin), and his firm was entitled to retain, for his indemnification, a like amount out of the moneys of the company in their hands, pursuant to their agreement with it.

The exceptions are sustained, the verdict set aside, and a new trial ordered, with costs to defendant George Hamlin, to abide the event of the action.

VAN BRUNT and BEACH, JJ., concurred.

Exceptions sustained and new trial ordered, with costs to defendant to abide event of action.